**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**JUN 17 2019**

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. H-17-CR-514-2** |
| | § | |
| **NERVIS GERARDO** | § | |
| **VILLALOBOS-CÁRDENAS** | § | |

## DEFENDANT VILLALOBOS'S
## REPLY TO RESPONSE TO MOTION TO DISMISS

### I.
### INDICTMENT'S FAILURE
### TO ALLEGE JURISDICTIONAL FACTS

On the face of the indictment, Mr. Villalobos is a foreign citizen charged with foreign conduct – and therefore is not subject to the FCPA (or conspiracy to violate the FCPA, or money laundering with FCPA as the specified unlawful activity). Thus, Mr. Villalobos moved to dismiss his indictment for failing to state an offense and for lack of extraterritorial jurisdiction. *See* Docket Entry 123 (March 28, 2019).

On May 14, 2019, the United States filed its Response. In that Response, the United States alleges that Mr. Villalobos attended two business meetings in the United States in furtherance of the indicted crimes and is therefore subject to the Court's jurisdiction because he committed the alleged crimes "within the United States." The U.S. meetings were not included in the Indictment.

The United States noted in its response:

> Once Defendant is arraigned in the United States and receives and reviews discovery, he will have a much greater understanding of the evidence that will be introduced against him at trial, including the evidence of his actions in the United States. And if Defendant wishes to argue that the evidence presented by the government is insufficient to establish that he participated in meetings in the United States in furtherance of the conspiracy to violate the FCPA, then he may raise that argument upon receipt of discovery

U.S. Response, Docket Entry 140, at 7. The United States has declined to produce discovery now, while Mr. Villalobos is still in Spain.

We have two responses. First, we still contend that the jurisdictional bases for the charges should have been included in the indictment itself and that the Court should dismiss the indictment because they were not. *See United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018) (affirming district court's dismissal of FCPA count before trial because the indictment did not allege sufficient facts bestowing extraterritorial jurisdiction over Hoskins, a non-U.S. citizen); *United States v. Lloyds TSB Bank PLC*, 639 F. Supp.2d 314, 317 (D. D.C. 2009) (describing § 1956(f) as governing "subject matter jurisdiction").[1]

In the alternative, we request discovery and a bill of particulars, as set out below.

---

[1] *See also United States v. Yaku*, 428 F.3d 241, 246 (D.C. Cir. 2005) ("Under Rule 12(b) of the Federal Rules of Criminal Procedure, [a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the *general issue*. The 'general issue' has been defined to mean "the question of guilt or innocence'" – which our motion does not implicate. (emphasis added).

## II.
## IN THE ALTERNATIVE, MR. VILLALOBOS
## REQUESTS DISCOVERY UNDER RULE 16, *BRADY*, & *GIGLIO*
## AND A BILL OF PARTICULARS

### A.    DISCOVERY

It has been 20 months since Indictment.  In April 2018, the government

produced 99 documents to the defense, such as certain wire transfers and text

messages that are mentioned in the indictment – but the government is withholding

full Rule 16 discovery and all *Brady* and *Giglio* until Spain sends Mr. Villalobos to

Houston.

But it is uncertain when he will be sent.  If he is denied discovery until that

uncertain date, it will prejudice his ability to rebut the government's evidence and

develop defenses as the case grows stale.  We ask the Court to order discovery now.

That is within the Court's discretion.

There is no legal impediment to this Court's ability to order discovery.  The

original 1944 version of Rule 16 explicitly stated that the right to discovery was

triggered by the filing of an indictment or information.[2]  That language was changed

---

[2]  *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 215 n.2 (1951) (quoting the original
version of Rule 16: "*Upon motion of a defendant at any time after the filing of the indictment or
information*, the court may order the attorney for the government to permit the defendant to inspect
and copy or photograph designated books, papers, documents or tangible objects, obtained from
or belonging to the defendant or obtained from others by seizure or by process, upon a showing
that the items sought may be material to the preparation of his defense and that the request is
reasonable. . . .") (emphasis added).

in 1966 to provide discovery *"upon the defendant's request"* – including documents and other evidence within the government's possession that is "material to preparing the defense" or that "the government intends to use … in its case-in-chief at trial." FED. R. CRIM. P. 16(a)(1)(E) (emphasis added).  The 1966 version of Rule 16 was amended to provide for *more, not less*, discovery in criminal cases.[3]  There is no reason to believe that discovery is not still triggered by the filing of an indictment.[4] Here, the government has declined to produce discovery because Mr. Villalobos has not appeared in court in Houston.  The government appears to read the words "after arraignment" into Rule 16 as a triggering event for discovery.  No such words appear in the rule.

While access to discovery is necessary for Mr. Villalobos to secure his Fifth and Sixth Amendment rights, discovery about "jurisdiction" is relevant to the pending motion to dismiss. As set out below, the Indictment does not make such allegations and statements by counsel that Mr. Villalobos acted in the United States are not a substitute.[5]  Because such "jurisdictional facts" are relevant to the motion

---

[3]  *See* FED. R. CRIM. P. 16, Notes of Advisory Committees on Rules – 1966 Amendment ("The rule has been revised to expand the scope of pretrial discovery."); *see also* Notes of Advisory Committee on Rules – 1974 Amendment ("Rule 16 is revised to give greater discovery to both the prosecution and the defense.").

[4]  *See, e.g., United States v. Sgarlat*, 705 F. Supp. 2d 347, 359 n.4 (D.N.J. 2010) ("Indictment triggers the Government's disclosure obligations under Rule 16.").

[5]  *See Singh v. Holder*, 499 Fed. App'x 617, 619 (7th Cir. 2013) ("An assertion by counsel is not evidence."); *see also United States v. Johnston*, 2013 WL 3944214, at *2 (M.D. Ala. July 30, 2013)

to dismiss, the discovery should include (but not be limited to) all evidence regarding acts in furtherance of the charged offenses while Mr. Villalobos was physically present in the United States.[6]

For these reasons, Mr. Villalobos requests discovery under Rule 16, *Brady*, and *Giglio*. (This motion does not attempt to list specific items of discovery, *Brady* and *Giglio*. After the Court grants this motion, we will work with the government to identify specific requests if necessary.).)

## B.  NOT A FUGITIVE

The government response did not argue that Mr. Villalobos was a "fugitive" who was "disentitled" to file a motion to dismiss.  Nor should the government argue that his overseas status blocks discovery.

---

("[G]overnment counsel's bare assertions do not convince the court that the assertions, albeit made in good faith, are sufficiently reliable to warrant reconsideration of the decision to credit the defense's evidence."); *cf. United States v. Tantalo*, 680 F.2d 903, 908 (2d Cir. 1982) ("[T]he heavy burden cast upon the Government to prove independent sources of the evidence it intends to introduce when it prosecutes a witness who has testified under use immunity is not satisfied by the prosecution's assertion that immunized testimony was not used. Such disclaimer provides an inadequate basis for the denial of a motion to dismiss an indictment.").

[6] *See Employers Ins. of Wausa v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) ("It is an elementary principle that federal courts are courts of limited jurisdiction. . . .  A federal court is bound to consider its own jurisdiction preliminary [to addressing other matters in the case].") (citations and internal quotation marks omitted).

Mr. Villalobos was arrested on October 27, 2017 in Spain on an "extradition warrant" from the United States. On December 20, 2017, he waived (or consented to) extradition to the United States. See Exhibit 1 (English and Spanish).

However, on December 22, 2017, the Spanish prosecutor objected to extradition because Mr. Villalobos "is being investigated for a crime" in Spain. See Exhibit 2 (English and Spanish) (objection filed in "Court 41" in Madrid). (The Spanish prosecutor repeated this objection on December 26, 2017 in a second Spanish court called "Court 2." See Exhibit 3 (English and Spanish).

On December 27, 2017, Court "41" denied extradition, citing the prosecutor's concerns. See Exhibit 4 (English and Spanish). On December 29, 2017, Court "2" also denied extradition. See Exhibit 5 (English and Spanish). Court "2" reiterated its decision on January 25, 2018 that "enforcement of [extradition] should be suspended until [Villalobos] has cancelled his liability pending in Spain." See Exhibit 6 (English and Spanish).

In a timeline, these events can be shown as follows:

| | |
|---|---|
| August 23, 2017 | Indicted while living in Spain |
| October 27, 2017 | Arrested in Spain |
| December 20, 2017 | Waived extradition |
| December 22 & 26, 2017 | Spain objects to extradition |
| December 27 & 29, 2017 & January 25, 2018 | Courts in Spain deny extradition because facing investigations there |

Mr. Villalobos is living in Spain under court-ordered conditions of release that include surrendering his passport and monthly reporting. His inability to appear before the court is not due to flight or escape. Because Mr. Villalobos is not a "fugitive," his current presence outside of the United States does not deprive him of the right to discovery or a bill of particulars at this juncture.[7]

### C.    A BILL OF PARTICULARS ON JURISDICTIONAL FACTS

In addition to providing discovery, the government should file a bill of particulars setting forth the jurisdictional facts to support Counts One, Two, and Four. Fed. R. Crim. Pro. 7(f). In his motion to dismiss, Mr. Villalobos argues that the relevant statutes do not reach foreign conduct by a foreign national. The government's response alleges that Mr. Villalobos committed criminal acts while

---

[7]    The "fugitive" doctrine is discretionary and used rarely in criminal cases – generally when a defendant has appeared in Court and then deliberately fled the jurisdiction. Mr. Villalobos's case is easily distinguishable from those cases. *E.g. United States v. Nabepanha*, 200 F.R.D. 480, 483-84 (S.D. Fla. 2001) (denying defendant's discovery motion after finding that he intentionally fled to Israel); *see also United States v. Ibanex-Martinez*, 288 Fed. Appx. 213, 214 (5th Cir. 2008) (defendant who fled during trial and was convicted in abstentia cannot appeal from a foreign haven); *United States v. Stanzione*, 391 F. Supp. 1201 (S.D.N.Y. 1975) (declining to consider motion to dismiss after defendant fled after release on bond); *Bell v. United States*, No. 4:16-CV-1056-O, 2017 U.S. Dist. LEXIS 147861 (N.D. Tex. Sept. 12, 2017) (declining to hear habeas petition after movant escaped from prison). *See also United States v. All Funds on Deposit at Sun Secured Advantage*, 864 F.3d 374 (5th Cir. 2017) ("after his federal indictment, he took flight and has not returned to this country"); *Al Momani v. Mukasey*, 257 Fed. Appx. (5th Cir. 2007) ("[Al Momani] became a fugitive after filing his petition for review with this court"); *United States v. Oliveri*, 190 F. Supp. 2d 933 (S.D. Tex. 2001) (defendant fled after being served with grand jury subpoena)

physically present within the United States, on February 27, 2012, and March 16, 2013.

Notably, the *Indictment* does not allege that Mr. Villalobos did anything illegal while physically present in the United States. In Count One, Mr. Villalobos is mentioned in paragraphs 8, 40, 41-45, 50-51, 55-57, 69, 70, 73, 75, 79, 81-82, 88, 112, and 114. In Count Two, he is mentioned in paragraphs 129-137, 140, 143-44, 158-59. In Count Four, he is mentioned in paragraph 172. All three counts generally allege the criminal acts were committed "in the Southern District of Texas and elsewhere" by someone, but they do not identify U.S. conduct by Mr. Villalobos. The closest is paragraph 172 (in Count 4) – alleging that on October 26, 2011, Mr. Villolobos and Co-Defendant De Leon "did knowingly conduct, and aid and abet, and cause others to conduct" a wire transfer from the United States to a Swiss bank account. Yet even that paragraph is vague and does not place Mr. Villalobos physically in the United States on October 26, 2011. (In fact, we understand he was *not* in the U.S. that day, that he did not initiate that wire transfer from the U.S. account, and that in fact he had no control over the U.S. account that sent the wire payment.)

In sum, the indictment does not allege facts showing that Mr. Villalobos committed criminal acts while physically present in the United States. Under these circumstances, if the Court denies dismissal, it should order the government to file

a bill of particulars so that Mr. Villalobos may adequately prepare for his defense.[8] That bill of particulars should specify what acts Mr. Villalobos committed while physically present in the United States.

---

[8] *See United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983) ("The purpose of a bill of particulars is to apprise the defendant of the charges against him with sufficient precision to enable him to prepare for his defense."); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("The bill of particulars has three functions: to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.") (citations and internal quotation marks omitted).

Respectfully submitted:

/s/ David Gerger
David Gerger – Attorney in Charge
Texas Bar No. 07816360
dgerger@gkhfirm.com
Ashlee McFarlane
Texas Bar No. 24070243
amcfarlane@gkhfirm.com
GERGER KHALIL & HENNESSY, LLP
1001 Fannin, Suite 2450
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

Adam Kaufmann - Pro Hac Vice
adam.kaufmann@lbkmlaw.com
Manuel Varela - Pro Hac Vice
manuel.varela@lbkmlaw.com
LEWIS BAACH KAUFMANN
MIDDLEMISS, PLLC
The Chrysler Building
405 Lexington Ave., 62nd Floor
New York, New York 10174
212.826.7001 - Telephone
212.826.7146 - Fax

**ATTORNEYS FOR DEFENDANT
NERVIS GERARDO
VILLALOBOS-CÁRDENAS**

## CERTIFICATE OF SERVICE

This pleading was filed under seal with the Clerk of Court on June 17, 2019 and by email on the day of filing to counsel for the government.

/s/ David Gerger
David Gerger

10

# EXHIBIT 1

[Coat of arms]

ADMINISTRATION
OF JUSTICE
**CENTRAL EXAMINING COURT NO. 002**
**MADRID**
**NATIONAL COURT OF APPEALS C/ GARCÍA GUTIÉRREZ S/N PLANTA 3ª**
**Tel. no. 917096527/28/33/32**
**Fax: 917096541**

General Identification Number: 28079 27 2 2017 0002740
Gub11

**EXTRADITION 0000045/2017 .-I**

<u>CERTIFICATE OF APPEARANCE</u>

IN MADRID, on the twentieth of December two thousand seventeen.

Name: **Nervis Gerardo VILLALOBOS CARDENAS**

Born: **in Maracaibo (Venezuela) on June 11, 1967**

The person identified hereinabove appeared before the PANEL JUDGE of Central Examining Court no. TWO and before me, the Lawyer of the Administration of Justice; Lawyer Mr. Jesús Santos Alonso, Madrid Bar member 105,728 and the representative of the Public Prosecution were present at this act.

The declaring party was then informed by the Judge of his rights under articles 118 and 520 of the Spanish Criminal Procedure Law (Ley de Enjuiciameinto Criminal) and article 24 of the Spanish Constitution. The Lawyer present at this declaration expressed his agreement with the information of rights provided to the appearing party.

The Judge informed the declaring party that an International Warrant of Arrest existed against him for his extradition to the **UNITED STATES OF AMERICA**, issued on August 23, 2017, no., by the U.S. District Court for South Texas, for his TRIAL for a crime of conspiracy for money laundering for which a prison sentence of 20 years is contemplated as the maximum penalty; conspiracy for violation of the law on corrupt practices abroad for which a prison sentence of 5 years is contemplated as the maximum penalty; and, money laundering, for which a prison sentence of 20 years is contemplated as the penalty, reading to him in full the explanation of the facts recorded in said International warrant.

The Judge informed him that since the claimant country was the **UNITED STATES OF AMERICA**, pursuant to article 16 Bis of the Third Supplementary Extradition Treaty between the Kingdom of Spain and the United States of America, completing the Extradition Treaty between both countries of May 29, 1970, he was demanded to state whether availing himself of the Rights of those claimed by countries that ratified it:

a) he accepted the ratified extradition, and would thus be taken immediately to the claimant country and, separately;

b) he also waived the benefit of the extradition speciailty, i.e., he accepted in general to be judged in the claimant country for other facts different and prior to those for which his

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

extradition was claimed, should he be accused there of such facts, even if when he was to be judged he might specifically express his objection to be judged for such previous and different crimes.

He was also informed that, should he fail to avail himself of the rights contemplated in said Treaty, the extradition proceeding would continue to be conducted, pursuant to said Treaty and to Law 4/1985 Passive Extradition Law.

The party for whom extradition was claimed declared that he had been perfectly informed of the rights contemplated in said Extradition Treaty between Spain and the United States and, answering questions of the Judge

**HE DECLARED**, in respect of

Paragraph **a)** that although he initially stated that he did **NOT** accept his extradition to the United States, he now DECLARES THAT **HE DOES CONSENT** TO AVAIL HIMSELF OF THE BENEFITS OF SIMPLIFIED EXTRADITION AND IT IS HIS WISH **TO BE DELIVERED** TO THE AUTHORITIES OF THE UNITED STATES.

Paragraph **b)** HE DECLARES THAT **HE DOES NOT WAIVE THE PRINCIPLE OF SPECIALITY.**

The Public Prosecution considered that since the party for whom extradition was claimed was subject to liability at this Central Examining Court and at Examining Court no. 41 of Madrid, extradition should be granted subject to his meeting his outstanding liability.

Through his Lawyer, he adhered to the statements made by the Public Prosecution.

After reading this statement, the declaring party has signed it since he is in agreement with its contents, together with the rest of the persons present at this act and I, the Lawyer of the Administration of Justice, bear witness.

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

D. Roberto Plaza Martínez, Traductor-Intérprete Jurado de Inglés nombrado por el Ministerio de Asuntos Exteriores y de Cooperación, certifica que la que antecede es traducción fiel y completa al INGLÉS de un documento redactado en ESPAÑOL.

Roberto Plaza Martínez, Official Spanish and English Translator-Interpreter, duly appointed by the Spanish Ministry of Foreign Affairs and Cooperation, hereby certifies that the preceding is a faithful and complete translation into ENGLISH of a document worded in SPANISH.

Madrid, _____ 2 5 ENE. 2018 _____



ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251



ADMINISTRACION
DE JUSTICIA

**JUZGADO CENTRAL DE INSTRUCCION N° 002
MADRID**
**AUDIENCIA NACIONAL .- C/ GARCÍA GUTIERREZ S/N PLANTA 3ª**
Tfno: 917096527/28/33/32
Fax: 917096541

NIG: 28079 27 2 2017 0002740
GUB11

**EXTRADICION  0000045 /2017  .-I**

### ACTA DE COMPARECENCIA

En MADRID, a veinte de diciembre de  dos mil diecisiete.

Nombre: **Nervis Gerardo VILLALOBOS CARDENAS**

Nacido: **nacido en Maracaibo (Venezuela) en fecha 11/06/1967**

Ante el ILTMO. SR. MAGISTRADO-JUEZ del Juzgado Central de Instrucción nº DOS, y de mí, el Letrado de la Administración de Justicia, comparece la persona arriba identificada; asisten a este acto el Letrado D. Jesús Santos Alonso colegiado 105.728 del Ilustre Colegio de Abogados de Madrid y el representante del Ministerio Fiscal.

El declarante seguidamente es informado por S.Sª. de los derechos que le asisten a tenor de lo establecido en los artículos 118 y 520 de la Ley de Enjuiciamiento Criminal y Art. 24 de la Constitución Española. El Letrado que asiste a esta declaración manifiesta su conformidad con la información de derechos que se hace al compareciente.

S.Sª. le informa que existe una Orden Internacional de Detención  contra el mismo a fines de extradición a los **ESTADOS UNIDOS DE AMÉRICA**, expedida  en fecha 23 de agosto de 2017, nº , emitida por el Tribunal de Distrito de los Estados Unidos correspondiente al Distrito Sur de Texas, para **ENJUICIAMIENTO**  por delito de conspiración para cometer blanqueo de dinero con una pena máxima prevista de 20 años de prisión; conspiración para violar la ley sobre prácticas corruptas en el Extranjero con una pena máxima de 5 años de prisión y blanqueo de dinero cuya pena prevista es de 20 años de prisión, dándole lectura íntegra de la exposición de hechos que aparecen en la citada orden internacional.

S.Sª. le informa que al ser el país reclamante los **ESTADOS UNIDOS DE AMÉRICA** conforme al art. 16 Bis del Tercer Tratado Suplementario de Extradición entre el Reino de España y Estados Unidos de América, que completa el Tratado de extradición entre ambos países de 29 de mayo de 1970, se le requiere para que manifieste si acogiéndose a los Derechos de los reclamados por los países que lo han ratificado:

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
N° 2251



ADMINISTRACION
DE JUSTICIA

a) Si acepta la extradición simplificada, por lo que sería llevado inmediatamente al país reclamante y, separadamente,

b) Si, además renuncia al beneficio de la especialidad extradicional, esto es, aceptar en general ser juzgado en el país que le reclama por otros hechos distintos y anteriores a aquéllos por los que se le reclama, caso de que allí fuese acusado por los mismos, si bien, cuando fuese a ser juzgado, podría allí expresar específicamente su oposición a ser juzgado por tales delitos anteriores y distintos.

También se le informa de que si no se acogiese a los derechos que se contemplan en el mencionado Convenio, se continuará la tramitación del expediente de extradición, de conformidad con lo establecido en el referido Tratado y en la Ley 4/1985 de Extradición Pasiva.

El reclamado en extradición manifiesta que ha quedado perfectamente enterado de los derechos que contemplan el referido Tratado de Extradición entre España y Estados Unidos y a preguntas de S.Sª.:

**MANIFIESTA**, respecto al

Apartado **a)** Que si bien manifestó inicialmente que NO aceptaba su **extradición a Estados Unidos, ahora** MANIFIESTA QUE **SI CONSIENTE** ACOGERSE A LOS BENEFICIOS DE LA EXTRADICION SIMPLIFICADA, Y ES SU DESEO **SER ENTREGADO** A LAS AUTORIDADES de ESTADOS UNIDOS.

Apartado **b)** MANIFIESTA QUE **NO RENUNCIA AL PRINCIPIO DE ESPECIALIDAD.**

Por el Ministerio Fiscal se entiende que como el reclamado está sujeto a responsabilidad en este Juzgado Central de Instrucción y en el Juzgado de Instrucción nº 41 de Madrid y por tanto la concesión de la extradición debería estar condicionada al cumplimiento de las responsabilidades pendientes.
Por el Abogado de adhiere a las manifestaciones del Ministerio Fiscal.

Leída la presente declaración, la firma el declarante por estar de acuerdo con su contenido, en unión de las demás personas presentes en este acto, de lo que yo, el Letrado de la Administración de Justicia, doy fe.

**EXHIBIT 2**

[Coat of arms]
SPECIAL PUBLIC PROSECUTION
AGAINST CORRUPTION AND
ORGANIZED CRIME
[Oval inked seal]          [Rectangular inked seal]

**EXAMINING COURT NO. 41 OF MADRID**
**PRELIMINARY INVESTIGATION 1545/17**

## TO THE COURT

The PUBLIC PROSECUTION, answering the request made in the Interlocutory Order of December 21, 2017, of this Court for a report, states:

In respect of this proceeding, **IT OBJECTS** to the delivery requested by the US authorities of investigated person Nervis Gerardo VILLALOBOS CARDENAS.

Said person is being investigated for a crime of money laundering perpetrated in Spanish territory, so that the jurisdiction of the Spanish courts should prevail over the request for delivery made by the foreign authorities.

In Madrid, on December 22, 2017

[Illegible signature]  [Circular inked seal] [Illegible signature]

Signed, José Grinda González          Signed, Juan José Rosa Álvarez

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

D. Roberto Plaza Martínez, Traductor-Intérprete Jurado de Inglés nombrado por el Ministerio de Asuntos Exteriores y de Cooperación, certifica que la que antecede es traducción fiel y completa al INGLÉS de un documento redactado en ESPAÑOL.

Roberto Plaza Martínez, Official Spanish and English Translator-Interpreter, duly appointed by the Spanish Ministry of Foreign Affairs and Cooperation, hereby certifies that the preceding is a faithful and complete translation into ENGLISH of a document worded in SPANISH.

Madrid, _____ 2 5 ENE. 2018 _____



ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251





FISCALIA ESPECIAL
CONTRA LA CORRUPCIÓN Y LA
CRIMINALIDAD ORGANIZADA

FISCALÍA ESPECIAL CONTRA LA CORRUPCIÓN
Y LA CRIMINALIDAD ORGANIZADA

22 DIC 2017

S A L I D A

R. GRAL.

**JUZGADO DE INSTRUCCIÓN Nº 41 DE MADRID**

**D. P. 1545/17**

## AL JUZGADO

EL FISCAL, despachando el traslado conferido por la Providencia de 21 de diciembre de 2017 de ese Juzgado para informe, Dice:

Que en relación al presente procedimiento, se **OPONE** a la entrega solicitada por las autoridades norteamericanas del encausado Nervis Gerardo VILLALOBOS CARDENAS.

Dicha persona está siendo investigada por un delito de blanqueo de capitales cometido en territorio español, por lo que la competencia de la jurisdicción española debe imperar sobre la petición de entrega efectuada por las autoridades extranjeras.

En Madrid, a 22 de diciembre de 2017

Fdo. José Grinda González          Fdo. Juan José Rosa Álvarez

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

2 5 ENE 2019

**EXHIBIT 3**

[Coat of arms]
SPECIAL PUBLIC PROSECUTION
AGAINST CORRUPTION AND
ORGANIZED CRIME
[Rectangular inked seal] [Rectangular inked seal]

**Preliminary Investigation 81/2017**
Central Examining Court no. 2

### TO THE COURT

The PUBLIC PROSECUTOR, complying with the demand of the Interlocutory Order of December 21, 2017, considers that the extradition of Mr. Villalobos to the United States of America should not be admitted since in Spain two criminal proceedings are in progress against him, at the stage of investigation. Firstly, this proceeding and, secondly, Preliminary Investigation no. 1545/2017, conducted before Examining Court no. 41 of Madrid, for money laundering.

In respect of this proceeding, it is conducted, inter alia, for the crime of international bribery of public officers, in a manner such that his extradition to the United States would imply his more difficult trial, which would mean the breach of international obligations arising, inter alia, from Spain belonging to the OECD.

In Madrid, on December 26, 2017

[Illegible signature] [Circular inked seal]

Signed, José Grinda González

Manuel Silvela, 4-28010 MADRID-SPAIN

TEL.: 91 571 25 23 FAX: 91 571 17 72

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

D. Roberto Plaza Martínez, Traductor-Intérprete Jurado de Inglés nombrado por el Ministerio de Asuntos Exteriores y de Cooperación, certifica que la que antecede es traducción fiel y completa al INGLÉS de un documento redactado en ESPAÑOL.

Roberto Plaza Martínez, Official Spanish and English Translator-Interpreter, duly appointed by the Spanish Ministry of Foreign Affairs and Cooperation, hereby certifies that the preceding is a faithful and complete translation into ENGLISH of a document worded in SPANISH.

Madrid, _____ 2 5 ENE. 2018 _____



ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251



**FISCALÍA ESPECIAL
CONTRA LA CORRUPCIÓN Y
LA CRIMINALIDAD ORGANIZADA**





**D. P. nº 81/2017**

Juzgado Central de Instrucción nº 2

## AL JUZGADO

EL FISCAL, despachando el traslado conferido por la Providencia de 21 de diciembre de 2017, considera que no debe accederse a la extradición del Sr. Villalobos a los Estados Unidos de América en tanto en España tiene dos procedimientos penales abiertos, en fase de instrucción. Por un lado, el presente y, por otro, las D. P. nº 1.545/2017, seguidas en el Juzgado de Instrucción nº 41, de Madrid, por delito de blanqueo de capitales.

En cuanto al presente procedimiento, se sigue, entre otros, por el delito de cohecho internacional, de manera que la extradición a los Estados Unidos implicaría el más que difícil enjuiciamiento, lo que significaría el incumplimiento de obligaciones internacionales derivadas, entre otras, de su pertenencia a la OCDE por parte de España.

En Madrid, a ____ de diciembre de 2017.

Fdo.: José Grinda González

Manuel Silvela, 4– 28010 MADRID-ESPAÑA
TELF.: 91 571 25 23    FAX: 91 571 17 72

1

ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

2 5 ENE. 2018

**EXHIBIT 4**

EXAMINING COURT NO. 41 OF
MADRID
Pza. De Castilla 1, Planta 6 – 28046
Tel. no. 914932299
Fax: 914932301

43017920                                                              [Bar code]
General Identification Number: 28.079.00.1-2017/011356               (01)313166565540
**Proceeding: Preliminary Investigation 1545/2017**
Crime: money laundering
DESK 9
**Investigated party:**
Mr. ALFONSO GARRIDO PICON
COURT PROCEDURAL REPRESENTATIVE: Mr. FRANCISCO GARCIA CRESPO
Mr. DOMINGO GALAN MACIAS
LAWYER Ms. MARIA VICTORIA VELAZQUEZ VELAZQUEZ
Mr. JOSE TRINIDAD MARQUEZ
COURT PROCEDURAL REPRESENTATIVE Ms. LUCIA AGULLA LANZA
Ms. KATHILIN MIGUELINA MIJARES SOTELDO
COURT PROCEDURAL REPRESENTATIVE Ms. GLORIA ARIAS ARANDA
Ms. MILAGROS COROMOTO TORRES MORAN and Mr. NERVIS GERARDO
VILLALOBOS CARDENAS
COURT PROCEDURAL REPRESENTATIVE Mr. ERNESTO GARCIA-LOZANO MARTIN

### INTERLOCUTORY ORDER

**THE JUDGE/PANEL JUDGE/ISSUING JUDGE:** Mr. JUAN CARLOS PEINADO GARCIA
**Place:** Madrid
**Date:** December 27, 2017

Account has been rendered; the previous official notice of the Lawyer of the Administration of Justice of Central Examining Court no. 2 has been received, requesting that it be reported whether any impediment exists to the delivery of Venezuelan citizen NERVIS GERARDO VILLALOBOS CÁRDENAS, to the United States, taking into account that said citizen is investigated in the proceeding conducted before this Court as Preliminary Investigation no. 1545/17, for a purported crime of money laundering, in which real precautionary measures have been adopted against him and personal precautionary measures have been adopted in respect of his spouse, Milagros Coromoto Torres Moran, the performance of various preliminary investigations currently remaining pending, after examining the report of the Public Prosecution dated December 22, 2017, this Court stating its EXPRESS OBJECTION to the delivery of said citizen, NEREVIS GERARDO VILLALOBOS CÁRDENAS.

The Judge so orders and signs. I bear witness.

The Judge/Panel Judge            The Lawyer of the Administration of Justice

In respect of the personal data, their confidentiality and the prohibition from transferring or disclosing them through any means or procedure, they must be processed only for the purposes pertaining to the Administration of Justice (pursuant to Basic Law 15/1999, of December 13, personal data protection law).

Examining Court no. 41 of Madrid – Preliminary Investigation 1545/2017

1 of 1
ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

D. Roberto Plaza Martínez, Traductor-Intérprete Jurado de Inglés nombrado por el Ministerio de Asuntos Exteriores y de Cooperación, certifica que la que antecede es traducción fiel y completa al INGLÉS de un documento redactado en ESPAÑOL.

Roberto Plaza Martínez, Official Spanish and English Translator-Interpreter, duly appointed by the Spanish Ministry of Foreign Affairs and Cooperation, hereby certifies that the preceding is a faithful and complete translation into ENGLISH of a document worded in SPANISH.

Madrid, _____ 2 5 ENE. 2018 _____



ROBERTO PLAZA MARTÍNEZ
Traductor-Intérprete Jurado de Inglés
Nº 2251

**JUZGADO DE INSTRUCCIÓN Nº 41 DE MADRID**
Pza. de Castilla, 1 , Planta 6 - 28046
Tfno: 914932299
Fax: 914932301
43017920

NIG: 28.079.00.1-2017/0110356
**Procedimiento: Diligencias previas 1545/2017**
Delito: Blanqueo de capitales
MESA 9
**Investigado:**
D./Dña. ALFONSO GARRIDO PICON
PROCURADOR D./Dña. FRANCISCO GARCIA CRESPO
D./Dña. DOMINGO GALAN MACIAS
LETRADO D./Dña. MARIA VICTORIA VELAZQUEZ VELAZQUEZ
D./Dña. JOSE TRINIDAD MARQUEZ
PROCURADOR D./Dña. LUCIA AGULLA LANZA
D./Dña. KATHILIN MIGUELINA MIJARES SOTELDO
PROCURADOR D./Dña. GLORIA ARIAS ARANDA
D./Dña. MILAGROS COROMOTO TORRES MORAN y D./Dña. NERVIS GERARDO
VILLALOBOS CARDENAS
PROCURADOR D./Dña. ERNESTO GARCIA-LOZANO MARTIN

### PROVIDENCIA

**EL/LA JUEZ / MAGISTRADO/A JUEZ QUE LA DICTA:** D./Dña. JUAN CARLOS
PEINADO GARCIA.
**Lugar:** Madrid.
**Fecha:** 27 de diciembre de 2017.

Dada cuenta; por recibido el anterior oficio del Señor Letrado de la Administración de
Justicia del Juzgado Central de Instrucción nº 2, por el que se interesa que se informe sobre si
existe impedimento para la entrega del ciudadano venezolano NERVIS GERARDO
VILLALOBOS CÁRDENAS, a Estados unidos, teniendo en cuenta que dicho ciudadano, se
encuentra investigado en el procedimiento que se sigue en este Juzgado con el número de Dil.
Pr. 1545/17, por un presunto delito de Blanqueo de Capitales, y en el que han sido adoptadas
medias cautelares de naturaleza real, frente al mismo, y de naturaleza personal respecto de su
esposa, Milagros Coromoto Torres Moran, quedando pendiente en este momento la práctica de
diferentes diligencias de investigación, y visto el informe del Ministerio Fiscal de Fecha 22 de
diciembre del presente año 2017, por este Juzgado se manifiesta la OPOSICIÓN EXPRESA a la
entrega del ciudadano citado, NERVIS GERARDO VILLALOBOS CÁRDENAS

Lo acuerda y firma S.Sª. Doy fe.

El/La Juez/Magistrado-Juez          El/La Letrado/a de la Administración de Justicia

En relación a los datos de carácter personal, sobre su confidencialidad y prohibición de transmisión o
comunicación por cualquier medio o procedimiento, deberán ser tratados exclusivamente para los fines propios de la
Administración de Justicia (ex Ley Orgánica 15/1999, de 13 de diciembre, de protección de datos de carácter
personal).

ROBERTO PLAZA MARTÍNEZ
1 de 1
Traductor-Intérprete Jurado de Inglés
Nº 2251