```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF TEXAS (HOUSTON)

UNITED STATES OF AMERICA,     .   Case No. 17-cr-00514
                              .
             Plaintiff,       .
                              .
   vs.                        .
                              .   515 Rusk Street
DE LEON-PEREZ, et al.,        .   Houston, TX 77002
                              .
             Defendants.      .   Monday, July 12, 2021
                              .   2:17 p.m.
. . . . . . . . . . . . . . . .


                 TRANSCRIPT OF INITIAL APPEARANCE
           BEFORE THE HONORABLE DENA HANOVICE PALERMO
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:      Office of the US Attorney
                        By:  ROBERT SEARLS JOHNSON, ESQ.
                        1000 Louisiana, Suite 2300
                        Houston, TX 77002
                        (713) 567-9706

                        US Department of Justice
                        Fraud Section
                        BY:  SONALI D. PATEL, ESQ.
                             DREW BRADYLYONS, ESQ.
                        1400 New York Avenue NW, 12th Floor
                        Washington, DC 20005
                        (202) 262-7809

For Defendant:          Parker & Sanchez PLLC
                        By:  ANDRES SANCHEZ, ESQ.
                        700 Louisiana Street, Suite 2700
                        Houston, TX 77002
                        (713) 659-7200


Audio Operator:         Joseph Wells, ECR

Transcription Company:  Access Transcripts, LLC
                        10110 Youngwood Lane
                        Fishers, IN 46048
                        (855) 873-2223
                        www.accesstranscripts.com



     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

1        (Proceedings commence at 2:17 p.m.)
2            THE CLERK:  Now calling the case of <u>United States of
3 America v. Paulo Murta</u>, 4:17-cr-514.
4            MR. JOHNSON:  Judge, Robert Johnson for the United
5 States Attorney's Office.  Also with me today are Sonali Patel
6 and Drew Bradylyons from the US Department of Justice Fraud
7 Section.
8            THE COURT:  Okay.
9            MR. SANCHEZ:  Andres Sanchez for Mr. Murta, Your
10 Honor, and standing in for Samy Khalil, who Mr. Murta has
11 retained to represent him in this case.
12            THE COURT:  Okay. All right.  So Mr. Murta has been
13 charged in the superseding indictment.  Have you had a chance
14 to review the charges with him?
15           MR. SANCHEZ:  Your Honor, it's a 75-page indictment.
16 He's -- he knows it very well.  This is following, as far as I
17 understand it, an extradition proceeding where his counsel in
18 Portugal and Samy -- or Samy, through his counsel in Portugal,
19 have advised him of the indictment.  We haven't gone over it,
20 but he knows and understands the indictment quite well.
21           THE COURT:  Okay.  So can I get -- ask the US
22 Attorney then that I have just gotten the superseding
23 indictment just a second to please just summarize what the
24 counts are that he's charged with.
25           MR. JOHNSON:  Sure, Your Honor.  There's four counts

1 that he's charged with. One is Conspiracy to Commit Money
2 Laundering in violation of 18 U.S.C. 1956(h). Count -- that's
3 Count 13. The next count is Count 14, which is conspiracy
4 under 18 U.S.C. 371. Specifically, it's Conspiracy to Violate
5 the Foreign Corrupt Practices Act. And then, he's also charged
6 with two substantive money laundering counts. Those are Counts
7 18 and 19, and those are in violation of 18 U.S.C.
8 1956(a)(2)(A).
9       THE COURT: Okay. And can you tell me what the
10 penalty ranges are for each of these charges?
11       MR. JOHNSON: Yes, Your Honor. For Count 13, it's up
12 to 20 years imprisonment, a $500,000 fine or twice the value of
13 the property or funds involved in the transaction or twice the
14 pecuniary gain or loss, whichever is greater, three-year term
15 of supervised release, $100 special assessment. For Count 14,
16 which is the 371 count, it's up to five years imprisonment,
17 $250,000 fine, a three-year term of supervised release, $100
18 special assessment. And Counts 18 and 19, which are the
19 substantive money laundering counts, it's up to 20 years
20 imprisonment, $500,000 fine or twice the value of the property
21 involved in the transaction or twice pecuniary gain or loss,
22 whichever is greater, three-year term of supervised release,
23 $100 special assessment.
24       THE COURT: And, Mr. Murta, without telling me
25 whether these charges are true, do you understand that this is

```
 1  what the Government is claiming that you have done?
 2              THE DEFENDANT:  I understand.
 3              THE COURT:  Do you understand this is what you're
 4  being charged with?
 5              THE DEFENDANT:  Yes, I understand.
 6              THE COURT:  You have the right to retain silent with
 7  respect to these charges.  Anything you say can be used against
 8  you in court.  You're not on trial here today.  You have no
 9  obligation to make any statement to me or other court personnel
10  about the facts of this case.  You are never required to be a
11  witness, to testify against yourself, or to gather any other
12  witnesses or evidence.  You don't have to answer any questions
13  of law enforcement officials.  If you've already talked to
14  them, you don't have to say anything else.  If you decide to
15  talk to them in the future, you can stop at any time.
16              If you discuss the facts of this case with any person
17  who's not your attorney, that person could be forced to testify
18  against you, even if he or she doesn't want to.  Anything you
19  say to your attorney is absolutely privileged.  Your attorney
20  can never be required to disclose what you've told him or her.
21              Do you understand the right to silence as I have
22  explained it?
23              THE DEFENDANT:  (No audible response).
24              THE COURT:  You understand?
25              THE DEFENDANT:  (No audible response).
```

1     THE COURT: Okay. You have the right to be
2 represented by an attorney at all stages of the proceeding, and
3 if you cannot afford counsel, you can ask the Court to appoint
4 counsel. You're here with retained counsel. If you are
5 convicted and you cannot afford counsel for your appeal, you
6 can ask the Court to appoint counsel. Do you understand that?
7     THE DEFENDANT: (No audible response).
8     THE COURT: Okay. What does the Government want to
9 do with regard to bond?
10    MR. JOHNSON: Your Honor, the Government seeks
11 detention based on risk of flight.
12    THE COURT: And what does your client want to do
13 about detention?
14    MR. SANCHEZ: Your Honor, Mr. Khalil will be out this
15 week. We also would like to get some things together, so he's
16 asking for a date late next week if you could.
17    THE COURT: I think the rule is up to five days. I
18 don't know if I'm allowed to do it after that. I've been
19 admonished I am not allowed to do it after five days, even if
20 the parties agree to it. I don't know. Is that your
21 understanding of the law?
22    MR. JOHNSON: Judge, I'll check on that. I'm not
23 actually sure. We're certainly unopposed to having an extended
24 continuance, but I'll check and see if the Court's able to do
25 that.

1    MR. SANCHEZ:  I haven't necessarily researched the
2 issue, but I've done it several times where we've put it off
3 ten days or so.
4    THE COURT:  I've done it a couple times, but I did
5 recently get told that I'm not allowed to do that, and I was
6 like, oh, but I thought if the parties agreed, I could do it,
7 but I will go ahead and set you for -- what day were you asking
8 for?
9    MR. SANCHEZ:  Maybe Wednesday or Thursday.
10   THE COURT:  Okay.  Carol, that's --
11   THE CLERK:  (Indiscernible) morning.
12   THE COURT:  All right.  So set it for Thursday at
13 ten o'clock.  That'll be in front of Judge Bryan.
14   THE CLERK:  It'll be continued (indiscernible)
15 arraignment date?
16   MR. JOHNSON:  Yes.
17   THE COURT:  And do you want to do the arraignment now
18 in case you decide you want -- don't want to do a detention
19 hearing?  Let's do the -- or is he ready on the -- we don't
20 have a docket control order?  Is he prepared on the
21 arraignment?
22   MR. SANCHEZ:  We didn't discuss it, or we can discuss
23 it --
24   THE COURT:  All right, no, no.
25   MR. SANCHEZ:  I've got another case, and we could --

1       THE COURT: No, that's okay.
2       MR. SANCHEZ: Okay.
3       THE COURT: We could do it for next week. You'll
4  have to come in then.
5       All right. So I looked at his bond report, doesn't
6  look like a likely candidate for being released on bond,
7  considering he has no ties and he had to be extradited.
8       MR. SANCHEZ: Your Honor, part of what Samy wants
9  some time is to get his wife here and try to get some packets
10 together that he can present to the judge. He's -- this is not
11 my case. This is Samy's. He's got his plan, so --
12      THE COURT: Okay. Well, I'm not going to be seeing
13 you for the detention hearing, but you know, based on my review
14 of pretrial report -- which is not complete record, I get -- I
15 understand that -- I don't see any basis. But I'll leave that
16 to you and Mr. Khalil, and you'll see Judge Bryan next week.
17      MR. SANCHEZ: Your Honor, there's two issues that I
18 wanted to ask the Court. One is Mr. Murta's got a tumor inside
19 his left ear that needs to be aspirated quite often, twice a
20 month. So he's asking if he can get some immediate medical
21 attention, have that checked out. If it's not aspirated, it
22 could paralyze his face or even cause significantly worse
23 damage.
24      THE COURT: Will you make sure that when he goes back
25 up to Corley that they have that looked at during -- at the

```
 1  medical?
 2              THE DEPUTY:  Yes, Your Honor.
 3              THE COURT:  Thank you.
 4              And what else?
 5              MR. SANCHEZ:  And then, second, he's -- since he was
 6  brought here to the U.S. on Friday of last week, he hasn't had
 7  a chance to talk to his wife.  His wife's in Portugal.
 8              THE COURT:  I do nothing about that.  He can't make
 9  any calls from here.  He has to make the calls from Corley.  I
10  doubt they allow international phone calls.  No?
11              THE DEPUTY:  Not to my knowledge, Your Honor.
12              THE COURT:  Yeah, we didn't allow international phone
13  calls when we had it here, but we no longer provide that.  So
14  he has to get it from Corley, whatever they'll allow him.
15              MR. SANCHEZ:  Okay.
16              THE COURT:  Maybe when Mr. Khalil is visiting with
17  him, he could bring his cell phone and he could make a call at
18  that point, but --
19              MR. SANCHEZ:  I'll see what we can -- I'll try to
20  make a -- set up a call (indiscernible).
21              THE COURT:  Okay.  Anything else?
22              MR. SANCHEZ:  That's it.
23              THE COURT:  All right.  You're excused.
24              MR. JOHNSON:  Thank you, Your Honor.
25              THE COURT:  Thank you for coming in.
```

(Proceedings concluded at 2:25 p.m.)

\* \* \* \* \*

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____
ALICIA JARRETT, AAERT NO. 428     DATE: November 11, 2021
ACCESS TRANSCRIPTS, LLC